360 So.2d 68 (1978)
RANDLE-EASTERN AMBULANCE SERVICE INC., Petitioner,
v.
Elena VASTA, Etc., Respondent.
No. 51946.
Supreme Court of Florida.
May 18, 1978.
Rehearing Denied July 24, 1978.
Stephens & Schwartz and Richard M. Gale, Miami, for petitioner.
Joe N. Unger of the Law Offices of Joe N. Unger, Miami, Podhurst, Orseck & Parks, Miami, and Wolfson, Diamond, Logan & Edge, Miami Beach, for respondent.
ENGLAND, Justice.
Under the rules governing trial practice in Florida, a plaintiff may voluntarily dismiss his or her lawsuit at practically any time during the course of trial simply by announcing that fact.[1] The effect of doing so is to terminate the litigation instantaneously, without prejudice however to plaintiff's commencing a wholly new lawsuit against the same defendant if the right to do so has not been exercised before and is not barred by the statute of limitations.
The Third District Court of Appeal recently considered what would happen if a plaintiff who had taken a voluntary dismissal later realized that the opportunity to relitigate with the defendant was foreclosed, and attempted to correct the earlier tactical error by asking the trial judge for permission to be relieved of the dismissal. The district court held that plaintiff could be relieved of her dismissal,[2] although it recognized that the Fourth District Court of Appeal had come to the opposite conclusion some six years earlier.[3] At the aggrieved defendant's request, we granted certiorari to review the district court's decision in order to reconcile the conflicting appellate decisions.[4] Subsequent to the submission of the case here, the First District Court of Appeal rejected the view espoused by the Third District and adopted the view of the Fourth District.[5]
The critical issue separating the district courts is whether a plaintiff's volitional dismissal *69 divests a trial court of jurisdiction to entertain a later request to be relieved from the dismissal. The Fourth District (now joined by the First District) has expressed the view that the trial court loses jurisdiction to proceed in any way beyond the announcement of dismissal, even though the trial judge might have pending, when the announcement of dismissal is made, a motion made by one of the parties which would conclude or resolve the litigation.[6] The Third District's contrary view is that the trial court retains jurisdiction, on the theory that the plaintiff's voluntary dismissal merely provides a shortcut for terminating the proceeding which is tantamount to the entry of an order by the trial judge for the same purpose.[7] Since the plaintiff's dismissal is considered equivalent to a trial court's order, the Third District views the act of the plaintiff as a "proceeding" from which our rules provide relief in cases of mistake, inadvertence, or excusable neglect.[8]
The right to dismiss one's own lawsuit during the course of trial is guaranteed by Rule 1.420(a), endowing a plaintiff with unilateral authority to block action favorable to a defendant which the trial judge might be disposed to approve. The effect is to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of "jurisdiction". If the trial judge loses the ability to exercise judicial discretion or to adjudicate the cause in any way, it follows that he has no jurisdiction to reinstate a dismissed proceeding. The policy reasons for this consequence support its apparent rigidity.
Our rules prevent several filings and dismissals against a defendant for the same claim,[9] and they provide authority for defendants to recoup their court costs when a voluntary dismissal has been taken.[10] There is no recompense, however, for a defendant's inconvenience, his attorney's fees, or the instability to his daily affairs which are caused by a plaintiff's self-aborted lawsuit. Nor is there any recompense for the cost and inconvenience to the general public through the plaintiff's precipitous or improvident use of judicial resources.
The benefit of the dismissal privilege must carry with it commensurate responsibility  responsibility for counsel, as an officer of the courts,[11] to ascertain the need for and the consequence of a voluntary dismissal before removing a client's cause from the adjudicatory process which counsel has set in motion. Correlative with this responsibility must be the risk, like so many others which attend counsel's judgmental decisions in the course of a trial, that the action taken may prove prejudicial to the ultimate success of the litigation. It has never been the role of the trial courts of this state to relieve attorneys of their tactical mistakes. The rules of civil procedure were never designed for that purpose, and nothing in Rule 1.540(b) suggests otherwise.
We approve the view of the First and Fourth District Courts of Appeal that a voluntary dismissal under Rule 1.420(a)(1)(i) divests the trial court of jurisdiction to relieve the plaintiff of the dismissal. The decision below is quashed and this case is remanded for proceedings consistent with this opinion.
It is so ordered.
OVERTON, C.J., and SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
NOTES
[1] Fla.R.Civ.P. 1.420(a)(1)(i).
[2] Randle Eastern Ambulance Serv., Inc. v. Vasta, 345 So.2d 1084 (Fla. 3d DCA 1977).
[3] Rich Motors, Inc. v. Loyd Cole Produce Express, Inc., 244 So.2d 526 (Fla. 4th DCA 1970).
[4] Art. V, § 3(b)(3), Fla. Const.
[5] Anderson v. Lovejoy, 354 So.2d 951 (Fla. 1st DCA 1978), pending on cert., No. 53,472 (Fla.).
[6] See Gate City, Inc. v. Arnold Constr. Co., 243 So.2d 637 (Fla. 4th DCA 1971). This view as to the effect of a voluntary dismissal was preferred by Massey and Klock in their 1972 survey of civil procedure developments. 26 U. Miami L.Rev., 469, 532 n. 424 (1972).
[7] The district court below adopted the reasoning of its previous decision in Cooper v. Carroll, 239 So.2d 511 (Fla. 3d DCA 1970), in which the theory of continuing jurisdiction was first evolved.
[8] Fla.R.Civ.P. 1.540(b).
[9] Fla.R.Civ.P. 1.420(a)(1).
[10] Fla.R.Civ.P. 1.420(d).
[11] Fla.Bar Integr.Rule, preamble (b).