STETTIN, HERBERT,
Associate Judge, dissenting:
The trial court heard conflicting testimony at a nonjury trial and resolved it in favor of the appellee, who was the plaintiff below. Its ruling is fully supported by the record and should be affirmed without hesitation, but for the plaintiff’s procedural error which vitiates the entire trial.
The complaint sounded in contract seeking recovery upon a policy of major medical insurance issued by Ryder to its employees. Ryder raised as a defense that the expenses claimed were the result of a pre-existing condition. It also counterclaimed to recover those medical expenses previously paid for the plaintiff on the ground of mistake.
Thereafter, the plaintiff served a Notice of Voluntary Dismissal, pursuant to Rule 1.420(a)(l)(i), Florida Rules of Civil Procedure. That notice was served before trial and while there was no pending adverse motion for summary judgment. Under the case law of this State, the plaintiff’s notice was fully and finally dispositive of the plaintiff’s complaint. It did not, of course, affect the counterclaim, but as to the complaint:
“The effect is to remove completely from the court’s consideration the power to enter an order, equivalent in all respects to a deprivation of ‘jurisdiction.’ If the *982 trial judge loses the ability to exercise judicial discretion or to adjudicate the cause in any way, it follows that he has no jurisdiction to reinstate a dismissed proceeding.”
Randle-Easterp Ambulance Service v. Vasta, 360 So.2d 68 (Fla.1978).
The parties proceeded to trial, as indicated above, oblivious to the Notice of Dismissal. No attack by Ryder on this ground has ever been mounted to the final judgment, either-below, or in this Court. None would ordinarily lie except that the issue is one of jurisdiction. If, as indicated in Ran-dle-Eastern, supra, the Notice of Voluntary Dismissal is finally dispositive of the plaintiff’s right to proceed; is self-acting, and is beyond the power of the parties and the lower court to countermand, then any acts performed by the parties and the trial judge after its having been filed are wholly ineffective. The trial and final judgment are nullities.
I would reverse.