371 So.2d 492 (1979)
SUN FIRST NATIONAL BANK OF DELRAY BEACH, Petitioner,
v.
GREEN CRANE & CONCRETE SERVICES, INC., et al., Respondents.
No. 78-2668.
District Court of Appeal of Florida, Fourth District.
April 25, 1979.
Rehearing Denied June 22, 1979.
Larry Klein and Cone, Owen, Wagner, Nugent, Johnson & McKeown, P.A., West Palm Beach, for petitioner.
James McCartney Wearn, West Palm Beach, for respondents  Green Crane Service, Inc. et al.
Anthony E. Pucillo of Jones, Paine & Foster, P.A., West Palm Beach, for respondents  Teschke, Pierce, Barr, Koch, Le-Gette, Mikell and Roborn.
LETTS, Judge.
By Petition for Writ of Prohibition or Common Law Certiorari we have for review an order of the trial court reinstating this cause after the plaintiffs had filed a Notice of Voluntary Dismissal pursuant to Fla.R. Civ.P. 1.420(a)(1)(i). We grant the petition for certiorari and quash the order of reinstatement.
The several plaintiff-appellees filed a multicount complaint against a bank and various individuals. All of them were represented by one lawyer who filed a Notice of Voluntary Dismissal on May 15, 1977. On July 6, 1977, the trial court entered an order taxing costs and on August 8, 1977, the plaintiffs moved to set aside the Notice of Voluntary Dismissal which the trial court, in a well considered order, granted.
Petitioner contends the trial court exceeded its jurisdiction in so doing, relying upon Randle-Eastern Ambulance Service v. Vasta, 360 So.2d 68 (Fla. 1978), and Rich Motors, Inc. v. Loyd Cole Produce Express, Inc., 244 So.2d 526 (Fla. 4th DCA 1971). Indeed those cases clearly hold that a plaintiff's voluntary dismissal divests the trial court of jurisdiction to entertain a later request for reinstatement. Respondents submit that the situation here is distinguishable because the dismissal was not consented to by the litigants themselves and thus the act of their lawyer in filing the Notice of Dismissal was a nullity. However, the language in Vasta is overpowering in its holding that dismissal under Fla.R.Civ.P. 1.420 divests the trial court of jurisdiction with no authority remaining upon which to base reinstatement.
Accordingly, the trial court's order reinstating this cause constituted an act in excess of its jurisdiction and a departure from the essential requirements of the law mandating that the petition be granted and the order be quashed.
*493 Petition for Writ of Certiorari granted and order quashed.
DOWNEY, C.J., and ANSTEAD, J., concur.