411 So.2d 364 (1982)
SHAMPAINE INDUSTRIES, INC., and Affiliated Hospital Products, Inc., Appellants,
v.
SOUTH BROWARD HOSPITAL DISTRICT d/b/A Memorial Hospital of Hollywood, Appellee.
No. 80-325.
District Court of Appeal of Florida, Fourth District.
March 31, 1982.
*365 K. Jack Breiden of Pomeroy, Betts, Pomeroy & Moses, Fort Lauderdale, and Larry Klein, West Palm Beach, for appellants.
Steven R. Berger of Carey, Dwyer, Cole, Selwood & Bernard, Miami, for appellee.

OPINION ON REHEARING
ANSTEAD, Judge.
The issue presented here is whether Rule 1.540(b) Florida Rules of Civil Procedure, may be used to afford relief when a party asserts that a voluntary dismissal with prejudice was filed by reason of mistake, inadvertence or excusable neglect.[1]
The trial judge here determined that he had jurisdiction under Rule 1.540(b) to afford relief to the appellee who alleged that the words "with prejudice" were inadvertently included in an intentionally filed voluntary dismissal. Appellant contends that the Florida Supreme Court's opinion in Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978), precludes such a holding. We disagree.
We have previously stated that a voluntary dismissal does not divest the trial court of jurisdiction to grant relief by operation of Rule 1.540:
*366 We initially reject defendants' (petitioners') argument that the trial court exceeded its jurisdiction because the original dismissal divested the court of jurisdiction. Although there is no doubt that a voluntary dismissal under Rule 1.420(a), Fla.R.Civ.P., divests the court of jurisdiction to entertain a later request for reinstatement of a cause of action, Sun First National Bank of Delray Beach v. Green Crane & Concrete Services, 371 So.2d 492 (Fla. 4th DCA 1979); Randle-Eastern Ambulance Services v. Vasta, 360 So.2d 68 (Fla. 1978); Rich Motors, Inc. v. Loyd Cole Produce Express, Inc., 244 So.2d 526 (Fla. 4th DCA 1971), Rule 1.540(a) allows the court to correct clerical mistakes, and errors from oversight or omission, in any part of the record at any time. The Rule provides:
Rule 1.540. Relief from Judgment, Decrees, or Orders
(a) Clerical Mistakes. Clerical mistakes in judgments, decrees or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal such mistakes may be so corrected before the record on appeal is docketed in the appellate court and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
Thus, we are not concerned with the court's jurisdiction, but rather the extent to which this Rule may be applied. McKibbin v. Fujarek, 385 So.2d 724, 725 (Fla. 4th DCA 1980).[2] Under this view a trial court does have jurisdiction to grant relief assuming the existence of circumstances contemplated by the provisions of the rule.
Despite this rather clear cut statement on the jurisdictional issue we agree that there is certain language in Randle[3] and our own interpretation of Randle in Sun First National Bank of Delray Beach v. Green Crane & Concrete Services, Inc.,[4] 371 So.2d 492 (Fla. 4th DCA 1979), cert. denied 383 So.2d 1195 (Fla. 1980), which we acknowledge appears to indicate a contrary conclusion. Because of the difficulty we have had in construing Randle as evidenced by the conflict in views expressed in our previous opinions in McKibben and Sun First National Bank, supra, and our own view of the importance of this issue to litigants we are certifying the issue to the Supreme Court.
Some review of the pertinent cases is necessary to explain the reasons for our ruling today. In Randle the plaintiff voluntarily dismissed her wrongful death action without prejudice as a strategic response to the trial court's refusal to admit certain evidence, and in the mistaken belief that the statute of limitations had not run and the case could be refiled. "The critical issue," as stated by the Supreme Court, was "whether a plaintiff's volitional dismissal divests a trial court of jurisdiction to entertain a later request to be relieved from the dismissal," 360 So.2d at 68, 69. In holding that the trial court did not have jurisdiction to grant relief in such a situation, the court stated that "it has never been the role of the trial courts of this state to relieve attorneys *367 of their tactical mistakes ... and nothing in Rule 1.540(b) suggests otherwise." The court's careful use of the qualifying phrases "volitional dismissal" and "tactical mistakes" strongly suggests to us an intention to withhold Rule 1.540(b) relief only in those situations in which, as was the case in Randle, a voluntary dismissal is entered deliberately and as the result of attorney miscalculation. In the present case appellee's voluntary dismissal with prejudice was found by the trial court on evidence virtually undisputed, to have been entered as the result of secretarial error, not attorney miscalculation. In our view a dismissal with prejudice found to have been entered as the result of secretarial error is simply not a "volitional dismissal" as we understand the term, and we do not believe it was the intention of the Randle court to hold that trial courts are divested of jurisdiction to grant relief in such situations.
In addition to relying on Randle in Sun First National Bank, this court also relied upon its earlier decision in Rich Motors, Inc. v. Loyd Cole Produce Express, Inc., 244 So.2d 526 (Fla. 4th DCA 1970). The Florida Supreme Court assumed jurisdiction in Randle on the basis that the Third District's disposition of that case, Randle-Eastern Ambulance Service v. Vasta, 345 So.2d 1084 (Fla. 3d DCA 1977) was in conflict with Rich, a case which the Supreme Court then proceeded to approve. In Rich, the plaintiff voluntarily dismissed its conversion action without prejudice as a tactical response to the trial court's apparent disinclination to admit certain evidence, and in the evidently mistaken belief that the case could be refiled. The factual situation in Rich was thus quite similar to that in Randle; therefore, the factors already cited as distinguishing Randle from the decision in the case at bar also apply with regard to Rich, and we see nothing in Rich inconsistent with our disposition of the present case.
It is possible to distinguish Randle, Rich, and Sun First National Bank from the current case on the basis that the plaintiffs in those cases sought to reinstate their actions after taking voluntary dismissals without prejudice, whereas the plaintiff here does not seek to reinstate an action at all, but merely wishes to expunge the words "with prejudice" from the notice of dismissal. However, while it may be technically true that the plaintiff here does not seek a reinstatement of the sort seemingly barred by the aforecited overly broad language of Randle and Sun First National Bank, and a distinction of the current situation on this basis would permit us to skirt the jurisdictional issue, we believe that any distinction between a prohibited "reinstatement" and a permitted expungement which paves the way for a "refiling" of the same cause of action would be both highly academic and unjustified. We agree that if the trial court indeed has no authority to relieve a party of the consequences of a voluntary dismissal, its lack of authority would appear to apply equally to dismissals filed with prejudice as well as without. We prefer not to hinge our decision in this case upon such a strained and artificial distinction in order to reach an equitable result. Rather, we prefer to confront the jurisdictional issue directly and hold that Rule 1.540(b) may be used to afford relief to all litigants whose attorneys have filed voluntary dismissals as the clear result of the type of "mistake, inadvertence or excusable neglect" contemplated by Rule 1.540(b).
As we see it the determination of whether Rule 1.540(b) may be used to afford relief when a party asserts that a voluntary dismissal was filed by mistake, inadvertence or excusable neglect should not turn on whether such a dismissal was with or without prejudice, but rather such determination should be based on consideration of the underlying circumstances resulting in the dismissal. The Florida Rules of Civil Procedure, as interpreted by the courts, dictate a policy of liberality in relieving a party from the termination of an action which was brought about by "mistake, inadvertence, surprise or excusable neglect." See Rule 1.540(b), supra. The question of the trial judge's nominal loss of jurisdiction after final judgment or other final disposition of a cause by the court does *368 not prevent the granting of appropriate relief, and we see no reason why it should prevent the granting of appropriate relief when an action is likewise terminated by a voluntary dismissal. It makes little sense to conclude for instance that a trial court would have no jurisdiction to relieve a party whose action had been terminated by voluntary dismissal for the same kind of "mistake, inadvertence, surprise or excusable neglect" that would clearly entitle the party to relief if a default judgment or order of dismissal had been entered because of the same kind of mistake. Relief under Rule 1.540(b) has been authorized in a wide variety of circumstances, including secretarial error such as is alleged to have been involved herein. County National Bank of North Miami Beach v. Sheridan, Inc., 403 So.2d 502 (Fla. 4th DCA 1981).
In sum, we believe that Rule 1.540(b) may be used to afford relief to all litigants who can demonstrate the existence of the grounds set out in the Rule. However, respecting the cogent points made by appellant, the difficulty which we have had on this issue, and its importance to litigants, we certify the following question to the Florida Supreme Court pursuant to the provisions of Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v):
May Florida Rule of Civil Procedure 1.540(b) be used to afford relief if a party can demonstrate that a voluntary dismissal was filed as the result of secretarial error, mistake, inadvertence or excusable neglect?
For the reasons set out above we affirm the decision of the trial court. We withdraw our opinion of May 20, 1981, and substitute the foregoing in its place. The petition for rehearing is otherwise denied.
DOWNEY and GLICKSTEIN, JJ., concur.
NOTES
[1] Rule 1.540. Relief from Judgments, Decrees or Orders

(a) Clerical Mistakes. Clerical mistakes in judgments, decrees or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal such mistakes may be so corrected before the record on appeal is docketed in the appellate court and thereafter while the appeal is pending may be so corrected with leave of the appellate court.
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other conduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding to set aside a judgment or decree for fraud upon the court.
Writs of coram nobis, coram vobis, audita querela and bills of review and bills in the nature of a bill of review are abolished and the procedure for obtaining any relief from a judgment or decree shall be by motion as prescribed in these rules or by an independent action.
[2] But see Oyer v. Boyer, 383 So.2d 717 (Fla. 4th DCA 1980), "the question of jurisdiction is absolute," 383 So.2d at 718.
[3] "The right to dismiss one's own lawsuit during the course of trial is guaranteed by Rule 1.420(a), endowing a plaintiff with unilateral authority to block action favorable to a defendant which the trial judge might be disposed to approve. The effect is to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of "jurisdiction." If the trial judge loses the ability to exercise judicial discretion or to adjudicate the cause in any way, it follows that he has no jurisdiction to reinstate a dismissed proceeding. The policy reasons for this consequence supports its apparent rigidity." 360 So.2d at 69.
[4] "A plaintiff's voluntary dismissal divests the trial court of jurisdiction to entertain a later request for reinstatement... . [T]he language in Vasta (Randle) is overpowering in its holding that dismissal under Fla.R.Civ.P. 1.420 divests the trial court of jurisdiction with no authority remaining upon which to base reinstatement." 360 So.2d at 492.