PER CURIAM.
Rosen represented Preferred in an action to recover a brokerage commission. Preferred moved for a voluntary dismissal which was granted without prejudice. Six months later a new lawyer representing Preferred filed the same action which came before the same judge. The defendants moved for dismissal. After examining “the file herein, the file [from the complaint filed by Rosen],” reading memorandums of law and hearing oral argument, the trial court found the order in the first action to be “in need of some clarification” and found, on the merits of the second action, that the brokerage contract was unenforceable. The trial court amended the order in the first action by changing it to a dismissal with prejudice and dismissed with prejudice the complaint in the second action. Following an appeal on the merits, we affirmed, see Preferred Equities Corp. v. Diaz-Asper, 370 So.2d 472 (Fla. 3d DCA) (mem.), cert. denied mem., 379 So.2d 208 (Fla.1979). Preferred then brought suit against Katz & Rosen for negligence, alleging that Rosen drafted the complaint in the first action inadequately. Katz & Rosen moved for a summary judgment. The trial court granted the motion.
Because the trial court in the second action was without jurisdiction to amend the order dismissing without prejudice the first action, see Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla.1978); Tinsley v. McDonald, 378 So.2d 816 (Fla. 3d DCA 1979); Sun First National Bank of Delray Beach v. Green Crane & Concrete Services, 371 So.2d 492 (Fla. 4th DCA 1979), and because Preferred lost on the merits in the second action, we find a conspicuous absence of any causation or damages attributable to the drafter of the first complaint and affirm.
Affirmed.