484 So.2d 1221 (1986)
Barbara J. MILLER, Petitioner,
v.
FORTUNE INSURANCE CO., Respondent.
No. 65794.
Supreme Court of Florida.
March 6, 1986.
Arnold R. Ginsberg of Horton, Perse & Ginsberg and Associates and Bruce L. Scheiner, Miami, for petitioner.
Charles P. Schropp and William A. Gillen, Jr. of Schackleford, Farrior, Stallings & Evans, P.A., Tampa, for respondent.
PER CURIAM.
This case is before us because it conflicts with Shampaine Industries, Inc. v. South Broward Hospital District, 411 So.2d 364 (Fla. 4th DCA 1982). Art. V, § 3(b)(3), Fla. Const. We quash the decision of the district court, Miller v. Fortune Insurance Co., 453 So.2d 489 (Fla. 2d DCA 1984).
Miller's attorney filed a voluntary motion to dismiss a suit in county court against Fortune "with prejudice." Eleven months later, Miller moved the trial court to strike "with prejudice" and substitute "without *1222 prejudice." The motion cited to Florida Rule of Civil Procedure 1.540(b)[1] as authority for the change. Ground for the motion was "secretarial error"  supporting affidavits of the attorney and his secretary stated that standard office procedure was to prepare and file voluntary dismissals "without prejudice" unless otherwise specified by the attorney. The secretary swore she mistakenly typed "with prejudice" and the attorney swore he relied on the standard office policy and failed to catch the error.
The trial judge summarily denied the motion. On appeal to the circuit court, the trial judge was affirmed. The Second District denied plaintiff's petition for writ of certiorari and affirmed the county court's order. The district court held that the trial court is divested of jurisdiction once a voluntary dismissal is filed, relying on our decision in Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978) (Randle). The district court also noted conflict with Shampaine.
In Randle, the plaintiff voluntarily dismissed suit without prejudice during trial, not realizing that the statute of limitations had run and barred filing a new cause of action. The plaintiff sought relief from this tactical error by moving for withdrawal of the voluntary dismissal. We held "that a voluntary dismissal ... divests the trial court of jurisdiction to relieve the plaintiff of the dismissal." 360 So.2d at 69.
In Shampaine, as in the instant case, the plaintiff voluntarily dismissed with prejudice through mistake. The Fourth District held that the trial court had jurisdiction to grant relief by altering the notice of dismissal to reflect "without prejudice." However, the Shampaine court went beyond this and held that even a voluntary dismissal could be withdrawn in toto if grounds under rule 1.540(b) existed. The court explained its reason for ruling so expansively thus:
It is possible to distinguish Randle [and similar cases] from the current case on the basis that the plaintiffs in those cases sought to reinstate their actions after taking voluntary dismissals without prejudice, whereas the plaintiff here does not seek to reinstate an action at all, but merely wishes to expunge the words "with prejudice" from the notice of dismissal. However, while it may be technically true that the plaintiff here does not seek a reinstatement of the sort seemingly barred by the aforecited overly broad language of Randle ..., and a distinction of the current situation on this basis would permit us to skirt the jurisdictional issue, we believe that any distinction between a prohibited "reinstatement" and a permitted expungement which paves the way for a "refiling" of the same cause of action would be both highly academic and unjustified. We agree that if the trial court indeed has no authority to relieve a party of the consequences of a voluntary dismissal, its lack of authority would appear to apply equally to dismissals filed with prejudice as well as without. We prefer not to hinge our decision in this case upon such a strained and artificial distinction in order to reach an equitable result. Rather, we prefer to confront the jurisdictional issue directly and hold that Rule 1.540(b) may be used to afford relief to all litigants whose attorneys have filed voluntary dismissals as the clear result of the type of "mistake, *1223 inadvertence or excusable neglect" contemplated by Rule 1.540(b).
411 So.2d at 367. We agree with the Shampaine decision.
We adhere to the principle that "[i]t has never been the role of the trial courts of this state to relieve attorneys of their tactical mistakes. The rules of civil procedure were never designed for that purpose, and nothing in Rule 1.540(b) suggests otherwise." Randle, 360 So.2d at 69. There is no error in the result reached in Randle, but that decision failed to fully explain the principles which guided the Court.
The proper and only point for determination by this Court in Randle was whether a judgmental mistake by a lawyer permitted relief provided for by rule 1.540(b).
This Court reasoned in Randle that when a plaintiff voluntarily dismisses an action without order of court pursuant to rule 1.420,
[t]he effect is to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of "jurisdiction." If the trial judge loses the ability to exercise judicial discretion or to adjudicate the case in any way, it follows that he has no jurisdiction to reinstate a dismissed proceeding. The policy reasons for this consequence support its apparent rigidity.
360 So.2d at 69.[2]
The quoted language appears damning in its seeming complete reliance on loss of jurisdiction as the ratio decedendi. However, we conclude that this language, while not incorrect, focuses on the result of a deeper analysis not verbalized in the Randle decision but nascent nonetheless. An indication of this underlying rationale may be found in the discussion in Randle of the policy reasons for denying relief, which followed the above-quoted language. We found that a plaintiff could not be relieved from attorney judgmental error because: the defendant suffers attorney costs and inconvenience; the public suffers the costs of improvident use of judicial resources; the dismissal privilege, which benefits only the plaintiff, imposes a duty on the plaintiff to exercise the privilege with due care; and, correlative with the duty, the plaintiff must bear the risk of an improvident exercise of the privilege. These policy reasons supported denial of relief in Randle regardless of the rationale for the outcome. The true rationale in Randle, the underlying reasoning which guided or should have guided this Court's action, was that judgmental error by the plaintiff is not the kind of mistake, inadvertence, or excusable neglect contemplated by rule 1.540(b). The plaintiff bears the risk of judgmental decisions; the courts will not relieve parties of their tactical mistakes.
With this analysis in mind, the jurisdictional discussion in Randle may be viewed in a different light. A trial court has no juisdiction to grant relief from tactical error because rule 1.540(b) which provides that the court shall have jurisdiction in very limited circumstances, does not allow exercise of jurisdiction in cases of tactical error.
A trial judge is deprived of jurisdiction, not by the manner in which the proceeding is terminated, but by the sheer finality of the act, whether judgment, decree, order or stipulation, which concludes litigation. Once the litigation is terminated and the time for appeal has run, that action is concluded for all time. There is one exception to this absolute finality, and this is rule 1.540, which gives the court jurisdiction to relieve a party from the act of finality in a narrow range of circumstances.
Of course, the trial court has jurisdiction to determine whether it has jurisdiction to grant relief. In any case where jurisdiction is a question, the court must have an opportunity to rule on the jurisdictional question, and thus all rules of jurisdiction inherently provide authority for the *1224 court to assume jurisdiction for the limited purpose of determining whether a basis exists for the court to proceed further. "A court has the power and duty [i.e. has jurisdiction] to examine and to determine whether it has jurisdiction of a matter presented to it... ." 20 Am.Jur.2d Courts § 92 (1965) (footnotes omitted). There is no inconsistency, then, in holding that a court has no jurisdiction, but that the determination of jurisdiction cannot be made without exercising jurisdiction to the extent necessary to make the determination. In a proceeding on a rule 1.540 motion, the court's final determination of whether to grant relief will inherently include a ruling on jurisdiction. This is different from most judicial acts, but arises because of the unusual procedural status of rule 1.540, which exists to provide jurisdiction where otherwise there would be none.
The respondent here argues that a notice of voluntary dismissal does not fall within rule 1.540. Subsection (b) of the rule provides for relief from "a final judgment, decree, order or proceeding."
Surely, a voluntary notice of dismissal is something, it doesn't exist in limbo. We conclude that it is indeed a "proceeding." The list of items for which relief may be granted under subsection (b) appears to be an attempt to cover exhaustively all actions which may be taken by the court or the parties. There was no intent by this Court in promulgating the rule to expressly exclude voluntary dismissals from subsection (b) consideration. Nor does there seem a valid reason to do so. What substantive difference is there between the plaintiff who files a notice of voluntary dismissal under rule 1.420(a)(1)(i), and one who moves for voluntary dismissal under rule 1.100(b)? The plaintiff who voluntarily dismisses is denied rule 1.540(b) relief, while the plaintiff who moves for and receives an order on voluntary dismissal in a more formal "proceeding" preserves jurisdiction under rule 1.540(b). This is an inequitable result. "Procedural rules should be given a construction calculated to further justice, not to frustrate it." Singletary v. State, 322 So.2d 551, 555 (Fla. 1975). "[R]ules of procedure essential to administer justice should never be permitted to become so technical, fossilized and antiquated that they obscure the justice of the cause and lead to results that bring its administration into disrepute." Sundell v. State, 354 So.2d 409, 410 (Fla. 3rd DCA 1978).
We therefore hold that the limited jurisdiction conferred on the courts by rule 1.540(b) to correct errors includes the power to correct clerical substantive errors in a voluntary notice of dismissal. Further, we agree with the Shampaine Industries v. South Broward Hospital District, 411 So.2d 364 (Fla. 4th DCA 1982), decision "that Rule 1.540(b) may be used to afford relief to all litigants who can demonstrate the existence of the grounds set out under the rule." Id. at 368 (emphasis added). Rule 1.540(b) was intended to achieve this result, and it should be interpreted in a manner consistent with its purpose.
We quash the decision of the Second District and remand with instructions that the trial court conduct a hearing to determine if the facts establish mistake, inadvertence or excusable neglect for relief under rule 1.540(b).
It is so ordered.
BOYD, C.J., and ADKINS, McDONALD, SHAW and BARKETT, JJ., concur.
EHRLICH, J., concurs specially with an opinion, in which ADKINS, J., concurs.
OVERTON, J., dissents with an opinion.
EHRLICH, Justice, specially concurring.
While I concur in the results of the majority's decision, I feel intellectually cleaner by addressing Randle for what it is and saying that although the court therein arrived at a proper decision, its ratio decidendi is totally in error and the case should be expressly receded from. By its decision the Court, in my opinion, is in effect receding from Randle without expressly saying so.
*1225 The holding in Randle is narrow and is designed to be inflexible. According to the Court's opinion therein, the effect of rule 1.420(a)(1) which permits a plaintiff voluntarily to dismiss a cause, is to remove completely from the Court's consideration the power to enter an order dealing with the pending litigation, and, according to Randle is the "equivalent in all respects to a deprivation of `jurisdiction.'" Since, according to the opinion, this act of the plaintiff causes the trial judge to lose the ability to "exercise judicial discretion or to adjudicate the cause in any way, it follows that he has no jurisdiction to reinstate a dismissed proceeding." That bit of reasoning or logic is the basic underpinning of the Court's holding, and it is fallacious, in my judgment.
When a case is concluded by final judgment, decree, order or proceeding, and the time for appeal has run, the action is ended. The exception to this finality is provided by rule 1.540 which permits the Court to grant relief from the act of finality under designated circumstances and conditions. Randle reads into the rule an exception that is not there, namely, that if the act of finality was brought about by the filing of a notice or stipulation of dismissal then the rule is not applicable. If the rule is to be amended, it should be done properly and not by means of an opinion.
I am apprehensive that so long as the Court has not expressly receded from Randle, that some court may continue to apply its ruling.
ADKINS, J., concurs.
OVERTON, Justice, dissenting.
I dissent. I would adhere to Randle and its holding that when a plaintiff voluntarily dismisses an action without court order,
[t]he effect is to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of "jurisdiction." If the trial judge loses the ability to exercise judicial discretion or to adjudicate the cause in any way, it follows that he has no jurisdiction to reinstate a dismissed proceeding. The policy reasons for this consequence support its apparent rigidity.
360 So.2d at 69. The act that dismisses the cause and divests the court of jurisdiction is the act of the lawyer, not the court.
NOTES
[1] Rule 1.540. Relief from Judgment, Decrees or Orders

(a) Clerical Mistakes. Clerical mistakes in judgments, decrees or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders... .
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect... . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken.
[2] Rule 1.420 also provides that an action may likewise be dismissed without order of court by filing a stipulation of dismissal by all parties who have appeared in the action. Presumably, the same rationale would apply under that circumstance.