POLEN, J.
Appellant, Wells Fargo Bank, NA, seeks review of the trial court’s order denying its motion to vacate amended notice of voluntary dismissal with prejudice pursuant to Florida Rule of Civil Procedure 1.540(b). Because we agree with appellant that the trial court erred in concluding it was without jurisdiction to award the requested relief, we reverse the trial court’s order and remand for consideration of appellant’s motion on the merits.
On February 8, 2008, appellant filed the underlying mortgage foreclosure action. Appellees (borrowers) filed an answer and affirmative defenses.
On or about April 23, 2008, appellant filed a motion for leave to file amended foreclosure complaint, having learned of the existence of an additional party. The trial court granted leave to amend on June 16, 2008. Appellant alleges that, upon discovering the possibility of another interested party, its counsel intended to seek leave of court to file a second amended complaint. However, counsel inadvertently prepared and filed an amended notice of voluntary case dismissal, pursuant to rule 1.420. The notice of voluntary dismissal was filed on August 20, 2008. Reflecting that the filing was inadvertent, appellant continued to prosecute the matter by filing a motion for default as to the amended complaint and an affidavit of improper service, and by pursuing proper service of the amended complaint.
On April 14, 2009, appellant filed a motion to vacate the amended notice of voluntary dismissal. Therein, appellant alleged that
[t]he file attorney at the time of the filing of Plaintiffs Amended Notice of Voluntary Case Dismissal is no longer with the firm, therefore pursuant to file notes available to the undersigned attorney, it appears that the previous file attorney instructed a paralegal to prepare a Motion for Leave to File Second Amended Foreclosure Complaint. It also appears that the paralegal erroneously] prepared an Amended Notice of Voluntary Case Dismissal with Prejudice instead of the Motion for Leave to File Second Amended Mortgage Foreclosure Complaint as intended, which *894 the previous file attorney inadvertently signed.
Appellant further alleged that the note and mortgage at issue in this action were in default; therefore, as a matter of equity appellant should be permitted to proceed with the foreclosure action. Appellant asserted that denial of its motion to vacate the voluntary dismissal “would result in inequity and a miscarriage of justice, as Defendants would receive a windfall in the form of real property without the encumbrance of the mortgage at issue in this action and Plaintiff would be unable to pursue enforcement of the Mortgage.”
After a hearing the trial court entered its order denying the requested relief,[1] stating it did not have jurisdiction to hear the motion to vacate pursuant to the Florida Supreme Court’s decision in Randle-Eastern Ambulance Service, Inc. v. Vasta, 860 So.2d 68 (Fla.1978). This appeal follows.
Rule 1.420(a)(1) allows a plaintiff to voluntarily dismiss a case simply by serving a notice at any time before trial or hearing on summary judgment. In Randle-East-ern, the court held:
The right to dismiss one’s own lawsuit during the course of trial is guaranteed by Rule 1.420(a), endowing a plaintiff with unilateral authority to block action favorable to a defendant which the trial judge might be disposed to approve. The effect is to remove completely from the court’s consideration the power to enter an order, equivalent in all respects to a deprivation of ‘jurisdiction’. If the trial judge loses the ability to exercise judicial discretion or to adjudicate the cause in any way, it follows that he has no jurisdiction to reinstate a dismissed proceeding. The policy reasons for this consequence support its apparent rigidity.
Id. at 69.
Citing to Randle-Eastern, the trial court believed that the effect of a voluntary dismissal is to completely remove a case from a court’s jurisdiction. Rule 1.540, however, provides exceptions to the loss of jurisdiction.
As we recently explained in Pino v. Bank of New York Mellon, No. 4D10-378, 2011 WL 309441 (Fla. Feb. 2, 2011) (en banc):
Rule 1.540(b) allows a court to relieve a party from a “final judgment, decree, order, or proceeding” based upon any of five grounds set out in the rule: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied or released. A notice of voluntary dismissal constitutes a “proceeding” within the meaning of the rule. See Miller v. Fortune Ins. Co., 484 So.2d 1221, 1224 (Fla.1986). Therefore, the rule may be invoked, even though for all other purposes the trial court has lost jurisdiction over the cause. Id. Indeed, in Shampaine Industries, Inc. v. South Broward Hospital District, 411 So.2d 364, 368 (Fla. 4th DCA 1982), approved by the supreme court in Miller, we held: “Rule 1.540(b) may be used to afford relief to all litigants who can demonstrate the existence of the grounds set out in the Rule.”
Id. at *3 (emphasis added). We further clarified that the rule “is limited to reliev *895 ing a party of a judgment, order or proceeding. ‘Relieve’ means ‘[t]o ease or alleviate (pain, distress, anxiety, need, etc.) ... to ease (a person) of any burden, wrong, or oppression, as by legal means.’ The Random House Dictionary of the English Language 1212 (1967).” Id. Here, appellant was adversely impacted by the notice of voluntary dismissal, and was therefore entitled to seek relief pursuant to the rule.
Concluding that the trial court had jurisdiction to hear the motion to vacate, we reverse and remand the matter to the trial court for further proceedings on the merits.

Reversed.

WARNER and STEVENSON, JJ., concur.

. The order states that counsel for defendants/appellees was duly noticed but failed to appear.