SUAREZ, J.
Redfield Investments, A.V.V., a Nether-land Antilles corporation (“Redfield”), appeals a non-final order granting Bird Wingate, LLC II’s (“Wingate”) motion to vacate voluntary dismissal with prejudice. We have jurisdiction. Fla. R. App. P. 9.180(a)(5). We affirm.
We give below a summary of the procedural facts of this case, not because most of the facts are relevant to the outcome of the issues on appeal, but because most of the facts are important to point out what can happen in a case where the rules are “expanded.” Wingate filed a complaint against Redfield in the circuit court in and for Miami Dade County for breach of contract, specific performance and tortious interference with a contract entered into between the parties for the purchase and sale of real property in Pinecrest, Florida. *975 The day after filing the complaint, Wingate filed an identical complaint in the same circuit receiving a new case number and a new judge. At the same time, Wingate filed a voluntary dismissal with prejudice of the first filed complaint.[1] Redfield was served with the second filed complaint. Redfield removed the case to federal court. Once in federal court, Redfield moved for summary judgment on the ground that the voluntary dismissal with prejudice taken in state court was an adjudication on the merits and, therefore, the complaint was barred by the doctrine of res judicata. Realizing the problem, Wingate filed a motion in state court to vacate the voluntary dismissal with prejudice and to convert it to a dismissal without prejudice. This motion to vacate was filed ex-parte under Wingate’s questionable theory that, as Redfield had not been served with the first filed complaint, Redfield was not required to have notice of this hearing, even though it was a party to the second filed identical complaint. The trial judge who was sitting in for the assigned judge, based on the facts and case law before him, including the fact that Wingate failed to inform him of the issue in federal court, appropriately granted the motion and vacated the voluntary dismissal with prejudice, converting it to a voluntary dismissal without prejudice. Redfield discovered the ex-parte order while reviewing the docket sheet. The substituting judge was then made aware of the ex-parte order, stated that Redfield was a named party and was entitled to notice, and reinstated the voluntary dismissal with prejudice concluding that the assigned trial judge should resolve the issue.
The only issue on appeal arises from the next procedural step taken. An evidentia-ry hearing on the motion to vacate the voluntary dismissal with prejudice was heard before the judge originally assigned to this case. At the evidentiary hearing, the judge noted two affidavits: one filed by the attorney for Wingate and the other by the paralegal in his office. In sum, the two affidavits stated that there was no intent on the attorney’s part to take a voluntary dismissal with prejudice and that the paralegal, inadvertently, made the notice “with prejudice,” knowing that it should have been “without prejudice.” The attorney then stated that, due to the amount of paperwork on his desk, he signed the pleading without noticing that it was a notice of voluntary dismissal with prejudice. We find that, based on the only evidence before the trial judge, the two affidavits, the trial judge did not abuse his discretion by granting the motion and vacating the voluntary dismissal with prejudice — converting it to a dismissal without prejudice. Case law is replete in the State of Florida that the power to correct clerical exception of error in a notice of voluntary dismissal lies in Florida Rule of Civil Procedure 1.540(b). The trial judge held the required evidentiary hearing and, based on the only evidence presented, the two affidavits, properly granted the motion. See Miller v. Fortune Ins. Co., 484 So.2d 1221 (Fla.1986); see also Watson v. Anderson, 492 So.2d 1046 (Fla.1986); Bender v. First Fid. Sav. & Loan Ass’n, 463 So.2d 445 (Fla. 4th DCA 1985), approved, 491 So.2d 276 (Fla.1986). The other procedural issues in this case did, not and cannot enter into the decision of this sole issue.
We affirm and insert herein with total agreement the last paragraph from the trial judge’s well-written order on rehearing:
*976 Although this Court is troubled by the procedural machinations undertaken by counsel herein, the court believes and finds wholly credible plaintiffs counsel’s affidavit, which he stood by at the hearing, asserting that he never intended to obtain a dismissal with prejudice in this case.
Affirmed.

. Although not really violative of the Florida Rules of Civil Procedure, it is definitely a form of "forum shopping.”