SHEPHERD, J.,
concurring specially.
The decision of the trial court relieving Wingate from counsel’s (perhaps, more accurately stated, his paralegal’s) error in the drafting of a voluntary dismissal in this case was correct. In fact, this is one of those rare cases where it was the only possible decision. See Miller v. Fortune Ins. Co., 484 So.2d 1221 (Fla.1986) (approving Shampaine Indus., Inc. v. S. Broward Hosp. Dist., 411 So.2d 364 (Fla. 4th DCA 1982)); see also Watson v. Anderson, 492 So.2d 1046 (Fla.1986); Pino v. Bank of N.Y. Mellon; 57 So.3d 950 (Fla. 4th DCA 2011); Wells Fargo Bank, NA v. Haecherl, 56 So.3d 892 (Fla. 4th DCA 2011); Lee & Sakahara Assocs., AIA, Inc. v. Boykin Mgmt. Co., 678 So.2d 394 (Fla. 4th DCA 1996); Bender v. First Fid. Sav. & Loan Ass’n 463 So.2d 445 (Fla. 4th DCA 1985), approved, 491 So.2d 276 (Fla.1986).
Nor were the rules “expanded” to reach this result. Counsel for Wingate employed the correct rule, deployed it, and obtained the relief for his client to which it indubitably was entitled.
The only legerdemain in this case — and the event I suspect is the source of my colleagues’ torment — was counsel’s error in not giving notice of his motion and hearing to the Diaz Reus law firm, as unequivocally required by Florida Rule of Civil Procedure 1.080(a), which states: “Unless the court otherwise orders, every pleading subsequent to the initial pleading and every other paper filed in the action, except applications for witness subpoena, shall be served on each party.” This lapse, immaterial to the achievement of the correct result in the case, may be a matter for referral of counsel to The Florida Bar. However, the client should not pay the ultimate penalty for its counsel’s wrongdoing. See Kozel v. Ostendorf, 629 So.2d 817, 818 (Fla.1993) (finding dismissal with prejudice would in effect punish the litigant instead of his counsel, who was neglectful).
The cases cited by the dissent as a “must” to consider in a proper decision of this case do not call for a different result. Randle-Eastern Ambulance Serv., Inc. v. Vasta, 360 So.2d 68 (Fla.1978), the “first” of the cases cited, is inapposite. Unlike our ease, the plaintiff in Randle-Eastern did not err in the drafting of her dismissal document. Rather, the plaintiff did not appreciate the consequence of the filing— that her claim would be forever barred by the statute of limitations. Id. at 69. Our case, in contrast, involves a drafting error. Florida Rule of Civil Procedure 1.540(b)(1)’s main purpose — allowing a court to relieve a party or its legal representative from a “mistake” or “inadvertence, surprise, or excusable neglect”— was designed for cases such as this. See Viking Gen. Corp. v. Diversified Mortg. Investors, 387 So.2d 983, 985 (Fla. 2d DCA 1980) (“The mistake envisioned by the rule is the type of honest and inadvertent mistake made in the ordinary course of litigation ... and is generally for the purpose of setting the record straight.”).
Miller v. Fortune Insurance Co., 484 So.2d 1221 (Fla.1986), the dissent’s other cited case, supports affirmance in this matter. The facts in Miller are identical to those in our case:
Miller’s attorney filed a voluntary motion to dismiss a suit in county court against Fortune “with prejudice.” Eleven months later, Miller moved the trial court to strike “with prejudice” and sub *977 stitute “without prejudice.” The motion cited to Florida Rule of Civil Procedure 1.540(b) as authority for the change. Ground for the motion was “secretarial error”-supporting affidavits of the attorney and his secretary stated that standard office procedure was to prepare and file voluntary dismissals “without prejudice” unless otherwise specified by the attorney. The secretary swore she mistakenly typed “with prejudice” and the attorney swore he relied on the standard office policy and failed to catch the error.
Id. at 1221-22. Explaining that Randle-Eastern was inapposite to a case of this type, the supreme court held Rule 1.540(b) confers on trial courts the power to correct “substantive clerical errors” such as this in a voluntary notice of dismissal. Id. Significantly, the court stated, “Rule 1.540(b) may be used to afford relief to all litigants who can demonstrate the existence of the grounds set out under the rule,” regardless of the underlying consequences. Id. at 1224 (citing Shampaine, 411 So.2d at 864).
The dissent’s emphasis on the plaintiffs motive for seeking to expunge the language “with prejudice” from its dismissal filing in this case is misplaced, as even it concedes the right of a litigant to “switch horses” to obtain a different “mount” midstream “is a strategy [ ] not prohibited by the rules or the case law.”
On this reasoning, I join the opinion of the court.