RAMIREZ, C.J.,
dissenting.
I dissent with the result reached in this case. The dismissal with prejudice by counsel, although professedly the result of excusable neglect, was in reality the result of counsel’s strategic decision to manipulate Florida Rule of Civil Procedure 1.420(a), a rule allowing for the voluntary dismissal of actions.
Appellee’s counsel filed two identical complaints for the sole and admitted purpose of picking the more desirable judge to whom the case was assigned. He would then dismiss the case assigned to the less desirable judge and proceed on the other. The wisdom of this strategy is questionable. Counsel must pay two filing fees and forego the ability to take a subsequent voluntary dismissal should the occasion arise for such action, assuming counsel for the defendant discovers the existence of the prior-filed case. It is a strategy, however, not prohibited by the rules or the case law. In Patterson v. Allstate Insurance Company, 884 So.2d 178, 180 (Fla. 2d DCA 2004), the court summarized a party’s right to voluntarily dismiss an action:
Florida Rule of Civil Procedure 1.420(a) ... gives plaintiffs the right to voluntarily dismiss their action at any time “before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a nonjury case to the court.” Until the line drawn by this rule is crossed, the plaintiffs right to a voluntary dismissal is “absolute.” Fears v. Lunsford, 314 So.2d 578 (Fla.1975).
In Service Experts, LLC v. Northside Air Conditioning & Electrical Service, Inc., 56 So.3d 26, 2010 WL 4628567 (Fla. 2d DCA Nov.17, 2010), the court further explains that “[tjhere are limited exceptions to a plaintiffs ‘absolute’ right to take a voluntary dismissal as a matter of right: (1) if there is fraud on the court, (2) if the defendant can establish the common law exception to the right of voluntary dismissal, or (3) if the plaintiff dismisses the case at a stage which is deemed the equivalent of a summary judgment.”
Our decision must be. made in light of two Florida Supreme Court cases. The *978 first is Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla.1978), which considered “what would happen if a plaintiff who had taken a voluntary dismissal later realized that the opportunity to relitigate with the defendant was foreclosed, and attempted to correct the earlier tactical error by asking the trial judge for permission to be relieved of the dismissal.” Id. The Randle-Eastern case would clearly deny relief to the appellee, as the court stated in no uncertain terms that “a voluntary dismissal under Rule 1.420(a)(1)(i) divests the trial court of jurisdiction to relieve the plaintiff of the dismissal.” Id. at 69.
The second case we must consider is Miller v. Fortune Insurance Company, 484 So.2d 1221 (Fla.1986). There, the Florida Supreme Court retreated from the expansive language in Randle-Eastern, and “h[e]ld that the limited jurisdiction conferred on the courts by rule 1.540(b) to correct errors includes the power to correct clerical substantive errors in a voluntary notice of dismissal.” 484 So.2d at 1224. In Miller, as in our case, the dismissal was with prejudice, as opposed to without prejudice, as a result of secretarial error. Thus, superficially, Miller is on all fours with our case. Miller, however, stated that:
We adhere to the principle that “[i]t has never been the role of the trial courts of this state to relieve attorneys of their tactical mistakes. The rules of civil procedure were never designed for that purpose, and nothing in Rule 1.540(b) suggests otherwise.” Randle, 360 So.2d at 69.
Id. at 1223. Our decision then hinges on whether what happened here was a tactical mistake or a secretarial error. I believe it was a tactical mistake. The whole scheme of filing two suits and dismissing the one falling before the less desirable judge was a quintessential tactical scheme. Admittedly, the scheme was botched, as the trial court found, through excusable neglect. But it was the direct result of the attorney’s stratagem of filing two suits to engage in what was nothing other than judge-shopping.
Counsel here filed two suits and before attempting service, dismissed one of those suits. Defense counsel only learned of the existence of this prior suit by chance. When he discovered the existence of the prior suit, he also learned that the dismissal had been with prejudice. Thus, defense counsel moved to dismiss the second action as res judicata.
Confronted with this motion, counsel for the appellee filed an ex parte motion to correct the dismissal from “with prejudice” to “without prejudice.” It was done ex parte ostensibly because no appearance or other filing had been made in the dismissed action. Yet counsel knew full well that the appellants were represented by counsel, that the matter was hotly contested, and that the erroneous dismissal was being used as grounds for a dismissal of the second action as res judicata. At oral argument, attorney Ronald Weil, an experienced lawyer, unapologetically tried to justify his actions by arguing that technically nothing had been filed in the previously dismissed action. In my view, his action was indefensible because he knew that the defendant was being represented in the same, identical matter, only under a different case number.
The judge that granted the ex parte motion was never informed that the defendants were represented by counsel in the same, identical litigation. Counsel for the appellant had to file a motion for reconsideration, to which counsel for appellee had the effrontery of arguing that appellants had no standing.
*979 I would reverse the trial court because I believe the dismissal with prejudice was nothing more than a botched tactical ploy.