GERBER, J.
The defendant appeals from the circuit court’s denial of his motion to set aside the court’s final order of dismissal with prejudice after a settlement. The defendant argues the court erred in finding that it did not have jurisdiction to consider the motion. We agree with the defendant and reverse. We remand for the court to set an evidentiary hearing on the motion.
The parties entered into a stock purchase agreement in which the plaintiff agreed to sell his shares of a business to the defendant. The defendant executed a promissory note in which he agreed to pay for the shares in installments. The plaintiff later filed a complaint against the de *500 fendant for breach of the note. The defendant responded with a counterclaim against the plaintiff for breach of the stock purchase agreement.
The parties settled the case. They sent the circuit court a proposed final order of dismissal with prejudice. The proposed dismissal order directed an insurance company to pay insurance proceeds to the plaintiff as part of the settlement. The court entered the dismissal order.
Shortly after the court entered the dismissal order, the defendant filed a motion to set aside the order. In the motion, the defendant argued that the parties submitted the order under a mutual mistake. According to the defendant:
The crux of the Settlement Agreement between the parties was that the [plaintiff] was to receive the value of [an] ... insurance policy in the amount of $250,000. However, the true value of the ... insurance policy is $300,000. It was always the parties’ belief that the [plaintiff] would only receive $250,000 from the ... insurance policy. If the Court does not intervene^ the plaintiff] will unjustly receive a windfall at the expense of the [defendant].
The defendant set the motion for hearing on the court’s non-evidentiary motion calendar. At the hearing, the defendant’s counsel advised the court that he set the motion for hearing on the court’s non-evidentiary motion calendar in an abundance of caution and was “asking for an evidentiary hearing.” The plaintiffs counsel argued that the court did not have jurisdiction to consider the motion because the motion sought to set aside a final order of dismissal with prejudice. In support, the plaintiffs counsel cited Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla.1978). The court agreed with the plaintiffs counsel’s argument and denied the motion.
This appeal followed. The defendant argues the court erred in denying the motion on the basis that it did not have jurisdiction to consider the motion.
We agree with the defendant’s argument. On its face, rule 1.540(b) gives a court jurisdiction to consider a motion to set aside a final order of dismissal on the ground of alleged mistake. See Fla. R. Civ. P. 1.540(b) (2011) (“On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, decree, order, or proceeding for the following reasons: ... mistake_”). The fact that the defendant stipulated to the entry of the final order of dismissal is not relevant to the initial question of jurisdiction. Cf. Wells Fargo Bank, NA v. Haecherl, 56 So.3d 892, 894-95 (Fla. 4th DCA 2011) (circuit court had jurisdiction under rule 1.540(b) to consider the plaintiffs motion to vacate its mistakenly-filed notice of voluntary dismissal with prejudice, even though the filing of the notice deprived the circuit court of jurisdiction for all other purposes); Shampaine Indus., Inc. v. S. Broward Hosp. Dist., 411 So.2d 364, 368 (Fla. 4th DCA 1982) (“[W]e believe that Rule 1.540(b) may be used to afford relief to all litigants who can demonstrate the existence of the grounds set out in the Rule.”).
The plaintiffs reliance on Randle-Eastern was misplaced. In Randle-Eastern, our supreme court held that “a voluntary dismissal ... divests the trial court of jurisdiction to relieve the plaintiff of the dismissal.” 360 So.2d at 69. However, in Miller v. Fortune Insurance Co., 484 So.2d 1221 (Fla.1986), the court clarified that the “only point for determination ... in Ran-dle was whether a judgmental mistake by a lawyer permitted relief provided for by rule 1.540(b).” Id. at 1223. The court then agreed with our statement in Shampaine “that Rule 1.540(b) may be used to *501 afford relief to all litigants who can demonstrate the existence of the grounds set out under the rule.” Miller, 484 So.2d at 1224 (quoting Shampaine, 411 So.2d at 368) (emphasis added).
Here, the face of the defendant’s motion alleges he is seeking to set aside the dismissal order not on the ground of a judgmental mistake, but rather on an alleged non-judgmental mistake, that is, the true value of the insurance policy to be paid as part of the settlement. Thus, because the defendant’s motion pled the existence of a ground set out under rule 1.540(b), the circuit court had jurisdiction to consider the motion and should have set an eviden-tiary hearing on the motion. See River Bridge Corp. v. Am. Somax Ventures, 76 So.3d 986, 989 (Fla. 4th DCA 2011) (“Generally, an evidentiary hearing is required on a motion for relief, unless the allegations do not state a colorable entitlement to relief.”) (citation omitted). Discovery is permissible before the hearing. See Dynasty Express Corp. v. Weiss, 675 So.2d 235, 239 (Fla. 4th DCA 1996) (“If the allegations in the moving party’s motion for relief from judgment raise a colorable entitlement to ... relief, a formal eviden-tiary hearing on the motion, as well as permissible discovery prior to the hearing, is required.”) (citation and quotations omitted).
The dissent concludes on the merits that the alleged mistake was judgmental in nature based on the type of policy at issue. However, we believe it is premature to reach a conclusion on the merits without affording the parties an opportunity to present their arguments at an evidentiary hearing. We take no position on the merits as to whether the alleged mistake was judgmental or non-judgmental.
Reversed and remanded for proceedings consistent with this opinion,[1]
STEVENSON, J., concurs.
CONNER, J., dissents with opinion.

. By this opinion, we do not mean to suggest that a party may seek to set aside a final order of dismissal after a settlement simply by expressing "buyer's remorse” about the settlement’s value. We expressly limit this opinion’s scope to the fact that the settlement in this case involved the contemplated exact value of an insurance policy. Whether the defendant can prove mutual mistake as to the policy’s true value at the time of the settlement remains to be determined at the eviden-tiary hearing.