PER CURIAM.
This is an appeal from a non-final order denying Appellant ⅛ motion for relief from judgment. See Fla. R. App. P. 9.130(a)(5). The lawsuit giving rise to the instant controversy was dismissed pursuant to a joint stipulation for voluntary dismissal with prejudice. After the plaintiff died, Appellant, the plaintiffs granddaughter, filed a Motion to Appoint Administrator ad Litem and Reinstate Lawsuit alleging that Appel-lee, the defendant (and plaintiffs son), had obtained the stipulation for dismissal from the ill and vulnerable plaintiff by coercion and duress. Attached to the motion was an affidavit from the plaintiffs former attorney attesting to the supporting facts. The trial court denied the motion, reasoning that, “this case was dismissed by Joint Stipulation for Dismissal with Prejudice ... and cannot now be reinstated.” (Emphasis in original.) This was error.
Although Appellant did not cite to Florida Rule of Civil Procedure 1.540(b) in her motion, the relief she sought — relief from a voluntary dismissal with prejudice — is available under the rule. See Pino v. Bank of New York, 121 So.3d 23, 35 (Fla.2013) (“Florida’s case law is replete with examples that almost exclusively show plaintiffs invoking rule 1.540(b) to seek relief and set aside voluntary dismissals inadvertently taken with prejudice.”); see also Navarro v. Castro, 110 So.3d 499, 501 (Fla. 4th DCA 2013) (holding trial court had jurisdiction to consider motion filed under rule 1.540(b) seeking relief from voluntary dismissal with prejudice based on mistake); Diaz, Rem & Targ, LLP v. Bird Wingate, LLC II, 66 So.3d 974, 976 (Fla. 3d DCA 2011) (affirming order vacating voluntary dismissal with prejudice and converting it to dismissal without prejudice). Moreover, if sufficiently alleged in the motion and established at an evidentia-ry hearing, a court may grant relief on any of the grounds provided in rule 1.540(b). See Shampaine Indus., Inc. v. S. Broward Hosp. Dist., 411 So.2d 364, 368 (Fla. 4th DCA 1982); Fla. R. Civ. P. 1.540(b) (permitting relief based on, inter alia, fraud, misrepresentation, “or other misconduct of an adverse party”).
Accordingly, we reverse the order denying Appellant’s motion, and remand to the trial court to determine whether the mo *449 tion is facially sufficient, and if so, to hold an evidentiary hearing. See Southern Bell Tel. & Tel. Co. v. Welden, 488 So.2d 487, 489 (Fla. 1st DCA 1986) (“[W]here the moving party’s allegations raise a colorable entitlement to rule 1.540(b)(3) relief, a formal evidentiary hearing on the motion, as well as permissible discovery prior to the hearing, is required.”).
REVERSED and REMANDED with directions.
LEWIS, C.J., MARSTILLER, and OSTERHAUS, JJ., concur.