BROWNING, J.
This is an appeal by Florida Department of Financial Services (Receiver) from a summary judgment in favor of Tampa Service Company, Inc. (TSC). Because Receiver is bound by admissions that preclude recovery, we affirm.
The facts of this appeal are as follows. In 1997, Associated Business Owners, Self Insurers Fund (ABO) was adjudged insolvent. Florida Department of Financial Services became the receiver. Receiver then assessed the members of ABO, including TSC, for a deficiency under section 624.474, Florida Statutes. TSC argued below that it was not a member of ABO, but that it had a separate insurance agreement with ABO, the details of which are obscure to this Court. TSC sent to Receiver a request for admissions, including an admission that TSC was not a “member” of ABO, as that term is used in sections 624.474 and 624.476, Florida Statutes. Receiver did not respond to the request for admissions until over nine months later; while the response was accompanied by a motion for enlargement of time within which to respond, Appellant never presented such motion for consideration and disposition by the trial judge. On TSC’s motion, and after a hearing, the trial court entered summary judgment for TSC, having found that the existence of any separate insurance agreement does not make TSC a member of ABO and subject to statutory assessments under sections 624.474 and 624.476.
Receiver’s response to the request for admissions was untimely; thus, the matters in the request are properly deemed admitted. Fla. R. Civ. P. 1.370(a). Among those admissions is the admission that TSC is not a member of ABO under *254 the two statutes pertaining to assessment by self-insurance funds, which permit those funds to assess only from their “members.” The effect of Receiver’s admissions is to establish conclusively that TSC is not a member of ABO for purposes of assessment, regardless of any agreement they may have had. By Receiver’s admissions, then, TSC cannot be assessed by Receiver under these statutes as a member of ABO. Accordingly, there was no error in entering summary judgment for TSC.
This holding only absolves TSC from Appellant’s assessment under section 627.474 and does not determine any other issues relating to TSC’s potential liability under the separate agreement it asserts binds the parties, or any other basis for TSC’s liability for the deficiency asserted as an assessment.
AFFIRMED.
BENTON and POLSTON, JJ., concur.