971 So.2d 912 (2007)
JABRI, INC., Appellant,
v.
U SAVE MOTORS, INC., etc., Appellee.
No. 3D07-636.
District Court of Appeal of Florida, Third District.
December 12, 2007.
Roniel Rodriguez IV, Miami, for appellant.
Mark Alan Levine, Miami, for appellee.
Before GERSTEN, C.J., and COPE, and SUAREZ, JJ.
GERSTEN, C.J.
Jabri, Inc. ("Jabri") appeals an order granting U Save Motors, Inc.'s ("U Save") motion for return of funds. Because the trial court lacked jurisdiction to enter the order, we reverse.
Jabri sued U Save to recover on worthless checks and obtained a summary default judgment. To avoid execution on the judgment, U Save paid Jabri $16,266. Subsequently, U Save had the judgment set aside. Soon after the judgment was set aside, Jabri filed a notice of voluntary dismissal. After Jabri's voluntary dismissal, the trial court entered an order directing Jabri to return the $16,266.
Jabri asserts that the trial court erred in entering the order because its voluntary dismissal divested the trial court of jurisdiction. U Save contends the trial court had the inherent power to order the return of the money even after the voluntary dismissal. We agree with Jabri.
The voluntary dismissal divested the trial court of the power to enter any subsequent orders. See Randle-Eastern *913 Ambulance Serv., Inc. v. Vasta, 360 So.2d 68 (Fla.1978). As the Court stated in Vasta:
The right to dismiss one's own lawsuit during the course of a trial is guaranteed by Rule 1.420(a), endowing a plaintiff with unilateral authority to block action favorable to a defendant which the trial judge might be disposed to approve. The effect is to remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of "jurisdiction."
360 So.2d at 69.
Accordingly, because the trial court lacked jurisdiction to enter the order directing the return of funds, we reverse.
Reversed and remanded.