PER CURIAM.
These appeals, which were consolidated for briefing purposes, are hereby consolidated for opinion purposes as well. Appellant, the Town of Davie, contends that the administrative law judge (“ALJ”) erred in concluding that he lacked jurisdiction to adjudicate Appellant’s motion for attorney’s fees and costs filed pursuant to section 120.595(1), Florida Statutes, after he closed the cases and relinquished jurisdiction to the Florida Commission on Human Relations. We reject this argument along with Appellant’s contention that the ALJ’s ruling deprived it of its substantive right to attorney’s fees and costs without due process.
As the ALJ noted in his order denying Appellant’s motion to re-open the cases, there were no pending motions for attorney’s fees when Appellees voluntarily dismissed their cases and when the ALJ closed the files and relinquished jurisdiction. Cf G.E.L. Corp. v. Dep’t of Envtl. Prot., 875 So.2d 1257, 1263 (Fla. 5th DCA 2004) (holding that an ALJ has jurisdiction to award fees under section 120.595(1) when a petition has been dismissed but noting that the motion for fees was filed prior to the voluntary dismissal). Appellant’s argument that it had no basis to file a motion for fees prior to the voluntary dismissals is refuted by its assertions below and on appeal that Appellees engaged *263 in conduct prior to the voluntary dismissals that was intended to harass and cause unnecessary delay. See § 120.595(l)(b), Fla. Stat. (2011) (providing that an ALJ may award attorney’s fees to the prevailing party if he or she determines that the nonprevailing party participated in the proceeding for an improper purpose).
Accordingly, we AFFIRM.
DAVIS, VAN NORTWICK, and ROWE, JJ., concur.