DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**POMERANZ & LANDSMAN CORPORATION,**
a Florida corporation,
Petitioner,

v.

**MIAMI MARLINS BASEBALL CLUB, L.P.,** a foreign corporation,
f/k/a **FLORIDA MARLINS, L.P.,**
Respondent.

No. 4D14-1237

[August 13, 2014]

Petition for writ of prohibition to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marc H. Gold, Judge; L.T. Case No. 12-03405(14).

Peter J. Sandberg of Sandberg & Associates, P.A., Miami, for petitioner.

Daniel M. Samson of Samson Appellate Law, Miami, and Abbey L. Kaplan and Justin B. Kaplan of Kluger Kaplan Silverman Katzen & Levine, P.L., Miami, for respondent.

PER CURIAM.

The petition for writ of prohibition is granted. The trial court lacks jurisdiction to hear the pending motion for sanctions under section 57.105, Florida Statutes (2013). The motion for sanctions in this case was filed after petitioner voluntarily dismissed the action. Generally, a voluntary dismissal under Florida Rule of Civil Procedure 1.420(a)(1) terminates a trial court's jurisdiction over a matter. *See Randle–Eastern Ambulance Serv., Inc. v. Vasta,* 360 So. 2d 68 (Fla. 1978). Pursuant to *Pino v. Bank of New York*, 121 So. 3d 23, 41-43 (Fla. 2013), a trial court has continuing jurisdiction to consider a 57.105 motion for sanctions only where the motion for sanctions was filed with the court before a voluntary dismissal.

This case concerns the 21-day safe harbor provision of section 57.105(4), Florida Statutes (2013), which provides:

A motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

Respondent served its motion for sanctions in this case on July 29, 2012, but did not file the motion with the court upon expiration of the 21-day safe harbor provision. On March 5, 2013, petitioner voluntarily dismissed the action, ending the trial court's jurisdiction. On March 11, 2013, respondent filed the motion for sanctions with the court.

In *Pino*, the Florida Supreme Court addressed the safe harbor provision and a trial court's jurisdiction to award sanctions following a voluntary dismissal. The court interpreted the safe harbor provision similarly to its nearly identical counterpart in Federal Rule of Civil Procedure 11 and observed: "In light of the safe harbor provision, *a motion for sanctions under Rule 11 must be submitted prior to the dismissal of a case for a court to have jurisdiction* because the rule allows the party to withdraw the offending pleading." *Pino*, 121 So. 3d at 42 (emphasis supplied). The court went on to explain the circumstances under which a trial court would have continuing jurisdiction to award sanctions after dismissal:

If the plaintiff does not file a notice of voluntary dismissal or withdraw the offending pleading within twenty-one days of a defendant's request for sanctions under section 57.105, *the defendant may file the sanctions motion with the trial court, whereupon the trial court will have continuing jurisdiction to resolve the pending motion and to award attorney's fees under that provision if appropriate, regardless of the plaintiff's subsequent dismissal.*

*Id.* at 42-43 (emphasis added).

Here, the sanctions motion was not filed until after the action was dismissed. The voluntary dismissal ended the trial court's jurisdiction. We therefore grant the petition as the trial court is without subject matter jurisdiction over the motion.

*Petition for writ of prohibition is granted.*

WARNER, GROSS and KLINGENSMITH, JJ., concur.

\*     \*     \*

*Not final until disposition of timely filed motion for rehearing.*