IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

PALM CONSTRUCTION
COMPANY OF WEST
FLORIDA,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Appellant,

CASE NO. 1D13-4847

v.

DEPARTMENT OF
FINANCIAL SERVICES,
DIVISION OF WORKERS'
COMPENSATION,

Appellee.

_____/

Opinion filed December 5, 2014.

An appeal from the Department of Financial Services.
E. Tanner Holloman, Director.

Kristian E. Dunn and Bennett M. Miller of Dickens & Dunn, P.L., Tallahassee, for
Appellant.

Alexander R. Brick, Assistant General Counsel, Tallahassee, for Appellee.


MARSTILLER, J.

In April 2013, the Department of Financial Services, Division of Workers'

Compensation ("Department") issued a Stop-Work Order and an Amended Order

of Penalty Assessment against Appellant, Palm Construction Company of West Florida, for failing to have workers' compensation coverage, as required by chapter 440, Florida Statutes. Appellant sought an evidentiary administrative hearing pursuant to sections 120.569 and 120.57(1), Florida Statutes, and the Department referred the matter to the Division of Administrative Hearings ("DOAH"). But in July 2013, after Appellant failed to timely respond to discovery requests, the Department filed a Motion to Deem Matters Admitted and to Relinquish Jurisdiction. The presiding Administrative Law Judge ("ALJ") granted the motion, relinquished jurisdiction over the matter to the Department and closed the DOAH file. The same day, but after the ALJ's order issued, Appellant filed with DOAH an emergency motion to reopen the case, asserting that the Department's discovery requests now had been fully answered. The ALJ denied the motion, concluding DOAH no longer had jurisdiction over the case and stating the Department "is the authority to whom Respondents' motion should be directed." Thereafter, the Department entered the final order now on appeal, which assesses a $32,983.04 penalty against Appellant.

Seeking reversal of the order, Appellant argues that the ALJ abused her discretion by failing to consider the merits of, and hold a hearing on, the emergency motion to reopen the case. We see no basis for finding an abuse of discretion, however. Appellant concedes it did not timely respond to the

2

Department's discovery requests. Thus the factual matters included in the Department's request for admissions were deemed admitted. *See* Fla. R. Civ. P. 1.370(a); *Fla. Dep't of Financial Servs. v. Tampa Serv. Co., Inc.*, 884 So. 2d 252, 253 (Fla. 1st DCA 2004). Appellant filed no response to the Department's motion to deem matters admitted. Therefore, in the apparent absence of remaining disputed factual issues, the ALJ properly relinquished jurisdiction of the case to the Department. *See* § 120.57(1)(i), Fla. Stat. Appellant's subsequent emergency motion was filed in a tribunal without jurisdiction to consider it; there simply was no authority for an exercise of discretion by the ALJ.

Appellant also raises issues concerning the sufficiency of the allegations in the Stop-Work Order and Amended Order Imposing Penalty which serve as the basis for the penalty assessed, the accuracy of the Department's penalty calculation, and the propriety of the Department's entering the final order without giving Appellant an opportunity to be heard. Here, too, we find no basis for reversal. Nothing in the record shows that, after DOAH relinquished jurisdiction to the Department, Appellant either entreated the Department to return the matter to DOAH for an evidentiary hearing or requested a non-evidentiary, or informal, hearing under section 120.57(2), Florida Statutes, to address the issues now raised on appeal. Consequently, Appellant failed to preserve them for our review. *See Dep't of Bus. & Prof'l Reg. v. Harden*, 10 So. 3d 647, 649 (Fla. 1st DCA 2009)

3

("It is well-established that for an issue to be preserved for appeal, it must be raised in the administrative proceeding of the alleged error.").

AFFIRMED.


BENTON and WETHERELL, JJ., CONCUR.