IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BANK OF AMERICA, N.A.,

      Petitioner,

v.

HAMDIJA TURKANOVIC,

      Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3416

Opinion filed December 1, 2016.

Petition for Writ of Prohibition.

Jason F. Joseph of Gladstone Law Group, P.A., Boca Raton, for Petitioner.

James C. Cumbie of Cumbie Law Firm P.A., Jacksonville, for Respondent.

PER CURIAM.

      Petitioner, Bank of America, N.A. (BOA), seeks a writ of prohibition to prevent the trial court from compelling the deposition of its corporate representative in furtherance of Respondent's motion seeking an award of attorney's fees as a sanction against BOA for filing this allegedly frivolous foreclosure case. We agree with BOA

that the trial court lacks jurisdiction to impose the sanction sought by Respondent because BOA voluntarily dismissed this case within the safe harbor period in section 57.105(4), Florida Statutes, and before Respondent filed his motion for sanctions.  See Pino v. Bank of New York, 121 So. 3d 23, 42 (Fla. 2013); Pomeranz & Landsman Corp. v. Miami Marlins Baseball Club, L.P., 143 So. 3d 1182, 1183 (Fla. 4th DCA 2014).  Respondent cannot avoid this jurisdictional bar by filing the motion under Florida Rule of Civil Procedure 1.525 and basing the request for sanctions on "the inherent power of the Court" rather than section 57.105(1).  See Hall v. Lopez, 41 Fla. L. Weekly D1763, n. 1 (Fla. 1st DCA July 28, 2016) (noting that "a trial court has a limited inherent authority to assess attorney's fees against an attorney or party for bad faith conduct, but 'if a specific statute or rule applies, the trial court should rely on the applicable rule or statute rather than on inherent authority.'" (quoting Moakley v. Smallwood, 826 So. 2d 221, 224-27 (Fla. 2002)).

Accordingly, BOA's petition for writ of prohibition is GRANTED.

B.L. THOMAS, WETHERELL, and M.K. THOMAS, JJ., CONCUR.

2