IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BUCKINGHAM ESTATES HOMEOWNERS
ASSOCIATION, INC.,

   Petitioner,

 v.              Case No. 5D16-2899

LISA J. METCALF,

   Respondent.

_____/

Opinion filed December 19, 2016

Petition for Writ of Prohibition,
Melanie Chase, Respondent Judge.

Mark S. Reisinger, of Reisinger Law, PLLC,
Winter Park,  for Petitioner.

Harvey M. Alper, Altamonte Springs,
for Respondent.

ORFINGER, J.

  Buckingham Estates Homeowners Association, Inc. ("HOA") seeks certiorari review of an order allowing discovery pertaining to Lisa J. Metcalf's pending motion for sanctions under section 57.105, Florida Statutes (2016).  Because we conclude the trial court lacks jurisdiction to consider Metcalf's motion for sanctions, we elect to treat the petition as a petition for writ of prohibition, which we grant.

HOA sued Metcalf in an effort to gain access to land to perform repairs to a wall bordering Metcalf's property. After Metcalf filed a motion to dismiss, HOA served its notice of voluntary dismissal. Thereafter, Metcalf served her "safe harbor" notice with proposed motion for attorney's fees, alleging an entitlement to attorney's fees pursuant to section 57.105 and Florida Rule of Civil Procedure 1.525. After the twenty-one day safe harbor period had passed, Metcalf served and filed her motion for attorney's fees and sought discovery.

We agree with HOA that the trial court lacks jurisdiction to impose the sanctions sought by Metcalf because HOA voluntarily dismissed the case before Metcalf served or filed either her safe harbor notice or motion for fees. A trial court lacks jurisdiction to hear a motion for sanctions under section 57.105 that is filed after the case is voluntarily dismissed. Pomeranz & Landsman Corp. v. Miami Marlins Baseball Club, L.P., 143 So. 3d 1182, 1182 (Fla. 4th DCA 2014). Generally, a voluntary dismissal under Florida Rule of Civil Procedure 1.420(a)(1) terminates a trial court's jurisdiction over a matter. Randle-Eastern Ambulance Serv., Inc. v. Vasta, 360 So. 2d 68, 69 (Fla. 1978). Pursuant to Pino v. Bank of New York, 121 So. 3d 23, 41-43 (Fla. 2013), the trial court has continuing jurisdiction to consider a section 57.105 motion for sanctions only when the motion for sanctions was filed with the court before a voluntary dismissal.

In Pino, the Florida Supreme Court addressed the safe harbor provision and the trial court's jurisdiction to award sanctions following a voluntary dismissal. The court interpreted the safe harbor provision similarly to its nearly identical counterpart, Federal Rule of Civil Procedure 11, and observed: "In light of the safe harbor provision, a motion for sanctions under Rule 11 must be submitted prior to the dismissal of a case for a court

2

to have jurisdiction because the rule allows the party to withdraw the offending pleading."

Id. at 42.  The court went on to explain the circumstances under which a trial court would have continuing jurisdiction to award sanctions after dismissal:

> If the plaintiff does not file a notice of voluntary dismissal or withdraw the offending pleading within twenty-one days of a defendant's request for sanctions under section 57.105, the defendant may file the sanctions motion with the trial court, whereupon the trial court will have continuing jurisdiction to resolve the pending motion and to award attorney's fees under that provision if appropriate, regardless of the plaintiff's subsequent dismissal.

Id. at 42-43.

Here, the sanctions motion was not filed until after the action was dismissed.  The voluntary dismissal ended the trial court's jurisdiction.  Therefore, we grant prohibition.

PETITION FOR WRIT OF PROHIBITION GRANTED.


PALMER and COHEN, JJ., concur.

3