IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA, AGENCY
FOR HEALTH CARE
ADMINISTRATION,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

      Petitioner,

CASE NO. 1D16-3317

v.

PLANNED PARENTHOOD OF
SOUTHWEST AND CENTRAL
FLORIDA, INC.,

      Respondent.

_____/

Opinion filed January 19, 2017.

Petition for Review of Non-Final Agency Action.
Lawrence P. Stevenson, Judge.

Segundo J. Fernandez and Timothy P. Atkinson of Oertel, Fernandez, Bryant &
Atkinson, P.A., Tallahassee, for Petitioner.

Julie Gallagher of Grossman, Furlow & Bayó, LLC, Tallahassee, for Respondent.

B.L. THOMAS, J.

Petitioner seeks review of a non-final agency action, where the Administrative

Law Judge ordered an evidentiary hearing on the issue of Respondent's motion to

impose sanctions in the form of attorneys' fees. Our scope of review for non-final

agency action is "'analogous to, and no broader than the right of review by common law certiorari.'" <u>State v. Murciano</u>, 163 So. 3d 662, 664 (Fla. 1st DCA 2015) (quoting <u>CNL Resort Hotel, L.P. v. City of Doral</u>, 991 So. 2d 417, 420 (Fla. 3d DCA 2008)). The issue before this court is whether the challenged ruling "'departed from the essential requirements of the law, thereby causing irreparable injury which cannot be adequately remedied on appeal following final judgment.'" <u>Id.</u> at 665 (quoting <u>Belair v. Drew</u>, 770 So. 2d 1164, 1166 (Fla. 2000)). We hold that it did.

In the underlying case, Petitioner filed three administrative complaints against Respondent alleging violations of Respondent's license to perform abortions. Respondent filed motions to dismiss Petitioner's amended complaints, but did not raise the issue of attorneys' fees or sanctions. After the motions to dismiss were denied, however, Petitioner voluntarily dismissed the complaints.

After Petitioner voluntarily dismissed the case, Respondent filed a motion requesting attorneys' fees under the administrative fee-shifting statute, section 120.595(1), Florida Statutes (2016). An order to show cause was issued directing Respondent to explain why the motion should not be denied, as Petitioner did not meet the statutory definition of a non-prevailing party under <u>Johnson v. Department of Corrections</u>, 191 So. 3d 965, 968 (Fla. 1st DCA 2016). Respondent then amended its request for attorneys' fees, conceding it could not prevail under section 120.595(1), and claimed entitlement under a different theory, section 120.569(2)(e), Florida

2

Statutes (2016), which provides for an award of fees as a sanction for any "pleadings, motions, or other papers filed [for an] improper purposes, such as to harass or to cause unnecessary delay, or for a frivolous purpose or needless increase in the cost of litigation." The administrative law judge subsequently entered an order setting an evidentiary hearing to decide whether sanctions should be imposed.

In deciding whether to grant review of a non-final agency action, showing irreparable injury is a jurisdictional hurdle that we address "before determining whether the [ruling] departed from the essential requirements of law." AVCO Corp. v. Neff, 30 So. 3d 597, 601 (Fla. 1st DCA 2010). Because Petitioner's filing of the notice of voluntary dismissal divested the administrative law judge of jurisdiction to entertain either of Respondent's motions for fees or sanctions, this case should have been closed **before** Respondent filed its original motion asserting an entitlement to attorneys' fees. Pino v. Bank of N.Y., 121 So. 3d 23, 32 (Fla. 2013) (recognizing that voluntary dismissal "serves to terminate the litigation, to instantaneously divest the court of its jurisdiction to enter or entertain further orders"). Accordingly, we hold that the order setting this matter for an evidentiary hearing would cause irreparable harm, because it would lead to the disclosure of irrelevant information. See Spry v. Prof'l Emp'r Plans, 985 So. 2d 1187, 1188 (Fla. 1st DCA 2008) (holding that compliance with discovery order to disclose petitioner's wholly irrelevant financial information in a workers' compensation claim would cause irreparable harm); cf. Bank of Am., N.A. v.

3

Turkanovic, 2016 WL 7032965 (1st DCA Dec. 1, 2016) (granting writ of prohibition and quashing trial court's order compelling deposition of bank's corporate representative "in furtherance of [r]espondent's motion seeking an award of attorney's fees as a sanction," where the bank voluntarily dismissed a foreclosure complaint within the safe harbor provision of section 57.105(4), Florida Statutes). This court reasoned in Turkanovic that because the case was voluntarily dismissed before the homeowner filed the motion for sanctions, the trial court lacked jurisdiction to order further discovery. Here, because Petitioner would suffer a similar irreparable injury by preparing for an evidentiary hearing in a case that should have been closed and jurisdiction relinquished, we have jurisdiction to review the petition.

Appellate courts have broad discretion in determining whether an error rose to the level of an essential departure from the law. "Since it is impossible to list all possible legal errors serious enough to constitute a departure from the essential requirements of law, the district courts must be allowed a large degree of discretion so that they may judge each case individually." Williams v. Oken, 62 So. 3d 1129, 1133 (Fla. 2011).

The order purporting to exercise jurisdiction to entertain either of Respondent's motions for fees or sanctions and setting Respondent's amended motion for an evidentiary hearing, after the litigation was terminated by the voluntary dismissal, departed from the essential requirements of the law. Cf. Town of Davie v. Santana, 98

4

So. 3d 262 (Fla. 1st DCA 2012) (holding that administrative law judge lacked jurisdiction to reopen case to impose attorneys' fees under section 120.595(1), when it closed the case once the petition was dismissed and no motion for attorneys' fees was pending).

Thus, we GRANT review of this non-final agency action and QUASH the order below for an evidentiary hearing.

WETHERELL and M.K. THOMAS, JJ., CONCUR.