DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALEXANDER P. ALMAZAN, ESQ., ALMAZAN LAW, ANNALIE ALVAREZ, ESQ., THE LAW OFFICE OF ANNALIE ALVAREZ,** and **JOAO GABRIEL ALBERTO AGUILERA**,
Petitioners,

v.

**IN RE: ESTATE OF ALBERTO AGUILERA-VALDEZ** and **IVAN AGUILERA,**
Respondents.

No. 4D18-2487

[May 8, 2019]

Petition for writ of prohibition to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Charles M. Greene, Judge; L.T. Case No. PRC160004057.

Geoffrey B. Marks of Billbrough & Marks, P.A., Coral Gables, for petitioners.

Steven M. Ebner and Jason Gonzalez of Shutts & Bowen, LLP, Miami, for respondents.

PER CURIAM.

Petitioners seek a writ of prohibition, or in the alternative, certiorari review of an order awarding sanctions in the form of attorney's fees in an amount to be determined. Because we conclude the trial court lacked jurisdiction, we treat the petition as a petition for writ of prohibition and grant the petition.

The underlying probate action involved litigation by a purported heir, Petitioner Joao Gabriel Alberto Aguilera ("purported heir"), against Respondents ("Estate"). Although the Estate was being administered testate in Mexico, the purported heir petitioned for intestate administration in Florida. Ultimately, the Estate served via email a section 57.105 motion for sanctions on the purported heir and his attorneys (collectively "Petitioners"). Petitioners did not dismiss the action or withdraw the petition during the safe harbor period provided by section

57.105(4), Florida Statutes. Almost one year later, the Estate filed the section 57.105 motion with the trial court, and shortly thereafter, Petitioners voluntarily dismissed the case.

After the voluntary dismissal, the court held a hearing on the Estate's pending sanctions motion. The court concluded it could not impose sanctions based on the Estate's motion because the Estate failed to comply with the email service requirements when it served the safe harbor notice on Petitioners. *See Matte v. Caplan*, 140 So. 3d 686, 688–90 (Fla. 4th DCA 2014) (holding that a section 57.105 sanctions motion was not enforceable where movant failed to comply with the email service requirements of Rule 2.516 for safe harbor sanctions notice).[1] The court nonetheless concluded that sanctions were warranted and imposed section 57.105 sanctions on its own initiative. Petitioners moved for reconsideration, arguing that the court lacked jurisdiction to impose section 57.105 sanctions on its own initiative in light of the voluntary dismissal. In response, the court entered an order clarifying that it was proceeding under its inherent authority pursuant to the "inequitable conduct doctrine." The court concluded that a party could not divest a court of its inherent power to sanction bad faith conduct by filing a voluntary dismissal.

The narrow issue we decide in this case is whether the trial court had the inherent authority to sua sponte impose sanctions after entry of the voluntary dismissal. Generally, even in the absence of statutory authority, a trial court judge has the inherent authority to award attorney's fees as a sanction for bad faith conduct. *See Bitterman v. Bitterman*, 714 So. 2d 356, 365 (Fla. 1998). However, a court's inherent authority to do so is not endless and can be limited by the entry of a voluntary dismissal. This is because the effect of a voluntary dismissal is to "remove completely from the court's consideration the power to enter an order, equivalent in all respects to a deprivation of 'jurisdiction.'" *Randle-Eastern Ambulance Serv., Inc. v. Vasta*, 360 So. 2d 68, 69 (Fla. 1978). Thus, for example, in instances where a movant has filed a sanctions motion after a voluntary dismissal, reviewing courts have granted prohibition on the basis that the trial court lacked jurisdiction to hear the sanctions motion. *See Pomeranz & Landsman Corp. v. Miami Marlins Baseball Club, L.P.*, 143 So. 3d 1182,

---

[1] We recognize that other courts disagree with this Court's holding in *Matte* and have certified conflict. *See, e.g.*, *Denino v. Abbate*, 247 So. 3d 48, 50 (Fla. 2d DCA 2018) (holding email service requirements did not apply to sanctions and certifying conflict); *see also Wheaton v. Wheaton*, 261 So. 3d 1236, 1243–44 (Fla. 2019) (discussing *Matte* in *dicta*). However, the Estate does not argue here that the trial court erred in dismissing its motion for sanctions pursuant to the holding in *Matte*. Therefore, we decline to consider the issue here.

2

1182–83 (Fla. 4th DCA 2014); *Buckingham Estates Homeowners Ass'n v. Metcalf*, 207 So. 3d 966, 967–68 (Fla. 5th DCA 2016).

With these parameters in mind, we hold that a trial court's inherent authority to award attorney's fees as a sanction for bad faith conduct on its own initiative does not extend beyond a voluntary dismissal. Although we have found no cases directly addressing this type of situation, we find persuasive other cases that have limited a court's inherent authority after a voluntary dismissal. *See, e.g., Jabri, Inc. v. U Save Motors, Inc.*, 971 So. 2d 912, 912–13 (Fla. 3d DCA 2007) (holding that the voluntary dismissal divested the trial court of the power to enter an order for the return of funds); *Romar Int'l, Inc. v. Jim Rathman Chevrolet/Cadillac, Inc.*, 420 So. 2d 346, 348 (Fla. 5th DCA 1982) (holding that the voluntary dismissal divested the trial court of its inherent jurisdiction to award expenses as a sanction).

For these reasons, we grant the petition for writ of prohibition and quash the order imposing sanctions.

DAMOORGIAN, LEVINE and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***