DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IVAN AGUILERA, SHUTTS & BOWEN LLP,**
and **STEVEN M. EBNER,**
Petitioners,

v.

**JOAO GABRIEL ALBERTO AGUILERA, ANNALIE ALVAREZ, ANNALIE ALVAREZ, P.A., ALEXANDER P. ALMAZAN** and **ALMAZAN LAW, P.A.,**
Respondents.

No. 4D20-1656

[December 9, 2020]

Petition for writ of prohibition to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Charles M. Greene, Judge; L.T. Case No. PRC-16-4057 (61).

Steven M. Ebner and Julissa Rodriguez of Shutts & Bowen LLP, Miami, for petitioners.

Geoffrey B. Marks of Billbrough & Marks, P.A., Coral Gables, for respondents.

WARNER, J.

Petitioners seek by writ of prohibition to prevent the trial court from continuing to exercise jurisdiction to assess fees, after it granted a motion for sanctions under section 57.105, Florida Statutes (2019). They claim that when Respondent Joao Aguilera voluntarily dismissed the underlying action, the trial court lost jurisdiction to award fees pursuant to Joao's motion, because it was not filed until after the voluntary dismissal. In this case, however, because the trial court had jurisdiction over Petitioner Ivan Aguilera's pending motion for sanctions, the court also had jurisdiction to consider Joao's motion for sanctions, based upon what Joao claimed was the meritless pursuit of sanctions against his counsel. We therefore deny the petition.

Joao sued Ivan in adversarial proceedings over an estate in 2016. Ivan served a section 57.105 motion for sanctions on Joao and his attorneys for bringing a frivolous proceeding. Several months after the motion was

served, Respondent Almazan and his law firm (hereinafter referred to collectively as Almazan) entered an appearance as attorneys for Joao. About a year later, Ivan filed the section 57.105 motion with the court. Thereafter, in December 2017, Joao filed a notice of voluntary dismissal of the action in its entirety.

Ivan then submitted his motion for sanctions to the court, including Almazan among the attorneys also subject to sanctions. The court entered an order concluding that sanctions were warranted, but it denied the sanctions, because email service of the required notice had not been properly effected pursuant to this court's decision in *Matte v. Caplan*, 140 So. 3d 686 (Fla. 4th DCA 2014), which held that a section 57.105 sanctions motion was not enforceable where the movant failed to comply with the email service requirements of Florida Rule of Judicial Administration 2.516 for safe harbor sanctions notice.[1] *Id.* at 688–90. Because the issue in that case had been certified to the supreme court, the trial court denied the motion without prejudice and retained jurisdiction to reconsider it should the law change. It then entered an order granting sanctions against both Joao and Almazan based upon its inherent authority.

Almazan filed a petition for writ of prohibition to this court, arguing that the trial court lacked jurisdiction to impose sanctions. In *Almazan v. Estate of Aguilera-Valdez*, 273 So. 3d 9 (Fla. 4th DCA 2019), this court held that a trial court does not have inherent authority to sua sponte impose sanctions after a voluntary dismissal of the proceedings. *Id.* at 11. We quashed the order imposing sanctions.

Shortly thereafter, Ivan renewed his motion for sanctions against Joao and Almazan after the supreme court decided *Wheaton v. Wheaton*, 261 So. 3d 1236 (Fla. 2019), which disapproved of the reasoning in *Matte*. *Id.* at 1243. Joao then served and subsequently filed a motion for sanctions pursuant to section 57.105, Florida Statutes, contending that Ivan's pursuit of his motion for sanctions against Almazan was completely meritless. In particular, Joao's motion noted that Almazan had never been served with Ivan's original motion for sanctions. Although nominally titled as Joao's motion, the motion included a request for an award of attorney's fees on behalf of Almazan.

---

[1] Subsequent to the trial court's rulings, this court receded from *Matte* in *Law Offices of Fred C. Cohen, P.A. v. H.E.C. Cleaning, LLC*, 290 So. 3d 76 (Fla 4th DCA 2020).

2

Ultimately, the court entered an order finding that Almazan was entitled to fees against Ivan and his attorneys based upon the section 57.105 motion because Ivan's renewed motion for sanctions against Almazan was meritless. It authorized fees for proceedings subsequent to its prior order requiring Ivan to provide a legal basis for sanctions against the unserved lawyers. It set a hearing to award fees, prompting the petitioners to file this petition for writ of prohibition with this court.

Ivan and his attorneys claim that the trial court lacks jurisdiction over Joao's motion for sanctions because the motion was not filed prior to the voluntary dismissal. While case law supports the general proposition that a court has no jurisdiction to grant a motion for section 57.105 sanctions which is not filed prior to a notice of voluntary dismissal, that principle does not apply in this case. Almazan is not seeking to sanction Ivan and his counsel for claims made prior to the voluntary dismissal. He seeks to sanction them for bringing the renewed motion for sanctions. As the court had jurisdiction to adjudicate the renewed motion for sanctions, it also has jurisdiction to decide a motion for sanctions directed to that motion.

In *Pino v. Bank of New York*, 121 So. 3d 23 (Fla. 2013), our supreme court held that a trial court has continuing jurisdiction to consider a section 57.105 motion for sanctions only where the motion for sanctions was filed with the court before a voluntary dismissal. *Id.* at 41–43. Because of that ruling, the trial court had jurisdiction to rule on Ivan's motion for sanctions against Almazan and Joao.

Joao filed his motion for sanctions directed to the motion for attorney's fees filed by Ivan. Section 57.105(1) authorizes the award of attorney's fees to a prevailing party when the court determines that "any claim" or defense is not supported by material facts or the application of the then-existing facts to the law. "Motions for attorney's fees count as 'claims.'" *Mark W. Rickard, P.A. v. Nature's Sleep Factory Direct, LLC*, 261 So. 3d 567, 569 (Fla. 4th DCA 2018) (citing *Albritton v. Ferrera*, 913 So. 2d 5, 9 (Fla. 1st DCA 2005)). *Mark W. Rickard* is on point. There, similar to here, the plaintiff voluntarily dismissed its complaint, and the defendants filed a motion for prevailing party attorney's fees. *Id.* at 568. The plaintiff then served, and later filed, a motion for section 57.105 fees because the defendants had failed to timely plead a claim for attorney's fees. *Id.* The trial court denied section 57.105 fees, even though the defendants had withdrawn their motion for attorney's fees, with their attorney conceding that the motion was meritless. *Id.* at 569. Our court reversed, concluding that the statute compelled an award where the claim was meritless. *Id.* at 570.

Here, Joao's motion for sanctions was directed at the post-dismissal, post-appeal renewed motion for sanctions against him and Almazan. Just as in *Mark W. Rickard*, the court was exercising jurisdiction to consider this post-dismissal motion. That is the claim which Almazan contended was frivolous as to him and merited section 57.105 attorney's fees. The court could exercise jurisdiction. Indeed, because the statute states that the court "shall" award attorney's fees when the provisions of the statute are followed, the court was obligated to adjudicate the claim. We also observe that the court limited the fees to be awarded to the time after the filing of its order requiring Ivan to respond to Joao's motion. It did not award fees for pre-dismissal conduct.

We thus conclude that the petition for writ of prohibition should be denied. Our ruling does not address the merits of the motion or any other issue beyond the jurisdiction of the trial court to rule.

*Petition denied.*

LEVINE, C.J., and FORST, J., concur.

\*   \*   \*

***Not final until disposition of timely filed motion for rehearing.***

4