# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

————————————————

No. 1D2024-3084

————————————————

DANIEL CARNEY, JAMES
COLLIER, and KEVIN SPARKS,

    Petitioners,

    v.

CITY OF CAPE CORAL and
STATE OF FLORIDA DEPARTMENT
OF ENVIRONMENTAL
PROTECTION,

    Respondents.

————————————————

On Petition for Review of a Non-Final Order of the Department of
Environmental Protection.
Suzanne Van Wyk, Administrative Law Judge.

October 29, 2025

KELSEY, J.

Petitioners seek review of an administrative law judge's order
setting a hearing on the City of Cape Coral's motion for attorneys'
fees as a sanction for Petitioners' allegedly untimely filing of their
petition below. The procedural problem is that before the case went
back to the agency for final merits disposition, the City never
requested, and the ALJ never held—nor reserved jurisdiction to
hold—a hearing on the fee motion. The agency declined the City's
request to remand for fee proceedings. In this posture, the ALJ had

no jurisdiction over the issue. *See Palm Constr. Co. of W. Fla. v. Dep't of Fin. Serv*s., 153 So. 3d 948, 949 (Fla. 1st DCA 2014) (ALJ has no jurisdiction to consider a motion filed after the ALJ relinquished jurisdiction to the agency); *Procacci Com. Realty, Inc. v. Dept. of Health & Rehab. Servs.*, 690 So. 2d 603, 608–09 (Fla. 1st DCA 1997) (referring agency regains jurisdiction upon entry of a recommended order).

Nevertheless, the ALJ sua-sponte issued a substantively expanded "corrected" order after the agency had obtained jurisdiction, purporting to lay the groundwork to authorize fees in a future order. In addition to this procedural problem, the ALJ never made the requisite substantive finding that Petitioners participated in the proceeding for an improper purpose. *See* § 120.595(1)(d), Fla. Stat. (2023) (requiring the ALJ to "so designate" such a finding in the ALJ's recommended order).

While before the agency, the City did not raise the fee issue in its proposed recommended order. Instead, it raised fees for the first time in exceptions to the recommended order. The agency did not grant such relief. Instead, the agency issued its final order on the merits in favor of the City—making no decision on fees, and not remanding the case back to the ALJ as to fees or any other issue. The City did not take any further action to correct that aspect of the final order.

Petitioners therefore argue that the ALJ lacks jurisdiction to address the fee motion belatedly. Given these facts, we agree. We reached the same conclusion in a similar situation in *State, Agency for Health Care Admin. v. Planned Parenthood of Sw. & Cent. Fla., Inc.*, 207 So. 3d 1032 (Fla. 1st DCA 2017). In that case, we first found that we have certiorari jurisdiction over an administrative order setting a hearing on attorneys' fees. *Id.* at 1033–34. We then noted that the order at issue there would have required the party against whom fees were sought to prepare for, and make disclosures related to, an evidentiary hearing, and one that was requested belatedly and would be occurring belatedly. *Id.* at 1034–35. The same concerning factors exist here. In *Planned Parenthood*, we also cited *Town of Davie v. Santana*, 98 So. 3d 262 (Fla. 1st DCA 2012), in which our concern was the fundamental

and jurisdictional issue of an ALJ's reopening a case to impose attorneys' fees under section 120.595(1).

The functional equivalent of these two cases combined happened here. The City failed to set a hearing or get a ruling on its own motion for fees before the ALJ lost jurisdiction to the agency. The ALJ nevertheless sua-sponte issued a "corrected" order while the agency held jurisdiction—*and* without making the finding of improper purpose required under section 120.595(1)(d): "the recommended order shall so designate." Contrary to the statutory mandate, the ALJ expressly declined to "so designate." This adversely affected Petitioners' substantive rights, and expanded the City's, without a full hearing and at a time when the agency had exclusive jurisdiction and had made no such ruling. Because the "corrected" ALJ order was an unauthorized substantive change, the agency lacked authority to "adopt" it in any event. Bottom line, the City as the movant was responsible for its own fee motion, but let it fall between the procedural cracks. There is no do-over.

QUASHED.

RAY and WINOKUR, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Steven L. Brannock and Sarah B. Roberge, Brannock Berman & Seider, Tampa, for Petitioners.

Kevin S. Hennessy, Nicole J. Poot, and Richard P. Green, Lewis, Longman & Walker, P.A., St. Petersburg; and Frederick L. Aschauer, Jr. and Lauren DeWeil Brooks, Lewis, Longman & Walker, P.A., Tallahassee, for Respondent City of Cape Coral.

Justin Wolfe, General Counsel, Chadwick Ryan Stevens and Ronald W. Hoenstine, Assistant General Counsel, Tallahassee, for Respondent Florida Department of Environmental Protection.